United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Luis Olmo
    Debtor

Case No. 13-15807-mdc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: admin      Page 1 of 2           Date Rcvd: Aug 03, 2018
                         Form ID: 3180W    Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 05, 2018.
```
db             +Luis Olmo,    4611 Torresdale Avenue,    Philadelphia, PA 19124-3431
13120164      +++Capital Recovery V, LLC,    PO Box 12931,    Norfolk, VA 23541-0931
13390046      +++Federal National Mortgage Association,    Fannie Mae c/o Seterus Inc.,    PO Box 1047,
                 Hartford, CT 06143-1047
13179903       +JPMorgan Chase Bank, National Association,    Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
13145153       +Philadelphia Gas Works,    800 W Montgomery Ave,    Phila Pa 19122-2898,
                 Attn: Bankruptcy Dept 3F
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Aug 04 2018 02:04:57     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 04 2018 02:04:26
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 04 2018 02:04:42     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13098554        EDI: HNDA.COM Aug 04 2018 05:53:00      American Honda Finance Corporation,
                 National Bankruptcy Center,    P.O. Box 168088,    Irving, TX 75016-8088
13185455       +EDI: RESURGENT.COM Aug 04 2018 05:53:00      CACH, LLC,    4340 S. Monaco Street, 2nd Floor,
                 Denver, CO 80237-3485
13178398        E-mail/Text: megan.harper@phila.gov Aug 04 2018 02:04:58     
                 City of Philadelphia Law Department,    Tax Unit - Bankruptcy,    Municipal Services Building,
                 1401 John F. Kennedy Blvd., 5th Floor,    Philadelphia, PA 19102-1595
13206036        EDI: RESURGENT.COM Aug 04 2018 05:53:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of HSBC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
13173283        EDI: PRA.COM Aug 04 2018 05:53:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13179491        EDI: WFFC.COM Aug 04 2018 05:53:00      Wells Fargo Bank, N.A.,    Home Equity Group,
                 1 Home Campus X2303-01A,    Des Moines, IA 50328-0001
13176669       +EDI: WFFC.COM Aug 04 2018 05:53:00      Wells Fargo Bank, N.A.,    1 Home Campus,    MAC X2303-01A,
                 Des Moines, IA 50328-0001
                                                                                               TOTAL: 10
```

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).

---

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 05, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 2, 2018 at the address(es) listed below:
```
              ANDREW F GORNALL    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              ANDREW F GORNALL    on behalf of Creditor    Seterus, Inc. as the authorized subservicer for
               Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc..
               agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              DIANE E. BARR    on behalf of Debtor Luis  Olmo barrdupree09@yahoo.com, dbarrcg@aol.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Green Tree Servicing LLC, as authorized servicer
               for Fannie Mae, as owner and holder of account/contract originated by n/a
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Aug 03, 2018
                              Form ID: 3180W           Total Noticed: 15


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              PAMELA ELCHERT THURMOND    on behalf of Creditor   City of Philadelphia pamela.thurmond@phila.gov,
               karena.blaylock@phila.gov
              THOMAS I. PULEO    on behalf of Creditor   Seterus, Inc. as the authorized subservicer for Federal
               National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc.. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                              TOTAL: 8
```

| **Information to identify the case:** | |
|---|---|
| Debtor 1: **Luis Olmo** <br> First Name   Middle Name   Last Name | Social Security number or ITIN  **xxx–xx–3330** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing): <br> First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | |
| Case number:  **13–15807–mdc** | |

# Order of Discharge    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Luis Olmo

8/2/18                                                                **By the court:**    Magdeline D. Coleman
                                                                                           United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**